IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WALTER SMITH,

    Plaintiff,

v.

JEFFREY PUGH, et al.,

    Defendants.

OPINION AND ORDER

Case No. 19-cv-947-wmc

*Pro se* plaintiff Walter Smith brings this proposed civil action under 42 U.S.C. § 1983, claiming that events that have occurred since 2012, while he has been incarcerated at Stanley Correctional Institution ("Stanley"), have violated his constitutional rights in numerous ways. Having been permitted to proceed *in forma pauperis*, Smith's complaint requires screening. 28 U.S.C. § 1915(e)(2). Yet, although many of Smith's proposed claims relate to his ability to practice his Muslim faith in accordance with his sincerely held beliefs, Smith names *80* defendants and further seeks to proceed on claims not involving his religious practices. Accordingly, Smith's complaint violates Federal Rules of Civil Procedure 20, and severance is appropriate under Federal Rule of Civil Procedure 21. Therefore, to proceed in this lawsuit, Smith must identify the *one* lawsuit upon which he wishes to proceed under this case number.

OPINION

Under Federal Rule of Civil Procedure 20, plaintiffs may join their claims together in one lawsuit if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

occurrences." Fed. R. Civ. P. 20(a)(1)(A). Yet, as the Court of the Appeals for the Seventh Circuit has stated, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). If a complaint includes unrelated claims against different defendants in violation of Rule 20, a court may order that the lawsuit be severed. *Lee v. Cook Cnty., Ill*, 635 F.3d 969, 971 (7th Cir. 2011); *In re High Fructose Corn Syrup Antitrust Litig.*, 361 F.3d 439, 441 (7th Cir. 2004); *Aiello v. Kingston*, 947 F.2d 834, 835 (7th Cir. 1991). Even when claims are related, the court has authority under Federal Rule of Civil Procedure 21 to sever a lawsuit when it would be unwieldy to permit a plaintiff to bring multiple claims against many different defendants in a single case. *Lee*, 635 F.3d at 971 (pursuant to Rule 21, court may sever claims when differences between claims predominate over common questions); *see also UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) ("[The federal] rules are broad, giving district courts considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes.").

Smith is pursuing claims for events that occurred between 2012 and 2018 against *80* defendants who were employed at Stanley or the DOC during that six-year time frame. Although a significant portion of his claims involve perceived violations of his right to practice his religious beliefs over that several-year span, Smith is also pursuing claims that defendants harassed him, retaliated against him and violated his due process rights. Even if the court were to infer that Smith's claims related to his ability to practice his religious beliefs -- which themselves span multiple years and include well over a dozen of defendants alone, could satisfy the requirements of Rule 20 -- Smith does not limit his claims to just

those involving his religious practices. In fact, his allegations outline at least 6 different lawsuits:

**Lawsuit 1:** Smith received "unhealthy cold bag meals" during Ramadan from 2012 to 2018. Smith alleges that the following defendants were involved in responding to his complaints about the meals: Pugh, Voeks, Hodowanic, Cole, O'Donnell, Richardson, Bently, Brunnerk, Demars, Barker, Becher and Iverson.

**Lawsuit 2:** Smith was served a soy-based diet that sickened him in 2014, 2015, and 2017. He claims that defendants Iverson, Berndt-Miles, Richardson, Barker and O'Donnell handled his complaints about his diet.

**Lawsuit 3:** Smith claims that defendants violated his right to exercise his sincerely held religious beliefs in several ways between 2012 and 2018.
*First,* he claims that he was sold items containing pork between 2012 and 2017, which is prohibited by his Muslim faith. He claims defendants Hauser, Keefe Company, Hickey and Richardson failed to take corrective action when he informed them that certain products contained pork but did not disclose that ingredient.
*Second*, Smith claims that on occasions in 2013, 2015, 2017 and 2018, he was not allowed to participate in Jum'uah or Taleem in accordance with his beliefs, and defendants Pugh, Lingrend, Webster, Willard-West, Richardson, Hickey, Jess, Stuve, Canziani and Webster were involved.
*Third*, Smith claims that he was wrongfully denied the ability to possess different color kufis, kurda pants and to wear those items around the institution, faulting Willard-West, Richardson, Achtenberg and Kolecheck for those denials.
*Fourth*, Smith claims that in 2013 Eid-Ul-Fitr was held on the wrong day, and that he was denied halal and traditional foods for the Eid-Ul-Fitr feast in 2013, 2016 and 2017, faulting Achterberg, Kolecheck, Willard-West, Richardson, Webster, O'Donnell and Pugh.

**Lawsuit 4:** Smith claims that between 2014 and 2018, he was harassed and humiliated because he was seen naked by officers and other inmates as a result of routine searches. Smith alleges that at least two dozen defendants either caused Smith's body to be exposed or failed to take corrective action about the wrongful exposure. (*See* Compl. (dkt. #1) ¶¶ 88-157.) Smith further claims that female officers harassed and humiliated him by viewing his naked body, which is prohibited by his Muslim faith. He lists numerous occasions between 2015 and 2018 involving at least a dozen different female correctional officers.

**Lawsuit 5:** Smith claims that defendant Phelps retaliated against him in 2012, fabricating a conduct report against him. Smith further claims that his due process rights were violated during the subsequent disciplinary proceedings. In addition to Phelps, Smith claims that the following defendants were also involved in the events related to those proceedings: Pugh, Buesgen, Goodman, Gunderson and O'Donnell.

**Lawsuit 6:**  Smith claims that in 2018, defendants Walters and Johnson retaliated against him for complaining about officers viewing him naked, by searching his cell and displacing his property.  He claims that defendants Moe, Kandler and Hickey allowed those retaliatory actions to occur.

This court may apply Smith's filing fee to only *one* of the lawsuits identified above. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Smith will have to choose which lawsuit that is, and once he chooses, that lawsuit will be the only lawsuit assigned to this case number.  As for the other lawsuits, Smith must make a choice.  One option is to pursue the other lawsuits separately, but if Smith chooses this option, he will be required to pay a separate filing fee for *each* lawsuit he chooses to pursue.  In addition, he may receive a "strike" under 28 U.S.C. § 1915(g) for any lawsuit that is dismissed for failure to state a claim upon which relief may be granted or for one of the other reasons listed in § 1915(g).  As Smith likely is aware, once a prisoner receives three strikes, he is not able to proceed in new cases without first paying the full filing fee except in narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, Smith may choose to dismiss his other lawsuits voluntarily.  If he chooses that route, he will not owe an additional filing fee or face a strike for the lawsuits he dismisses.  Any lawsuit dismissed voluntarily would be dismissed without prejudice, which means that Smith would be able to bring it at another time, so long as he files it before the statute of limitations has run.

Because it is not clear at this time which lawsuit Smith will pursue under this case number, the court has not evaluated his allegations for screening as required by §§ 1915(e)(2), 1915A, or determined whether Smith has provided fair notice of his claims,

as required by Rule 8 of the Federal Rules of Civil Procedure. Once Smith identifies the suit or suits he wants to continue to litigate, the court will screen his complaint. Because Smith faces filing fees and potential strikes for each additional lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

If Smith disagrees with the way the court has grouped his claims or if he believes the list above left out claims he intended to assert or included claims he did not intend to assert, he may raise those objections, but he must still comply with this order and choose which of the lawsuits he wishes to pursue. If he fails to do so, the court will dismiss all of his claims for his failure to prosecute them.

ORDER

IT IS ORDERED that:

1. Plaintiff Walter Smith has until **January 31, 2022,** to identify for the court which numbered lawsuit identified above he wishes to proceed with under the case number assigned to this case. Smith may pick one of these lawsuits to proceed under Case No. 19-cv-947-wmc.

2. Also by **January 31**, Smith must notify the court whether he wishes to pursue other lawsuits under separate case numbers, or whether he will dismiss them voluntarily.

3. If Smith dismisses his other lawsuits voluntarily, he will not owe a filing fee and he will be permitted to refile the dismissed claims later, so long as he complies with the applicable statute of limitations.

4. If Smith chooses to pursue his other lawsuits under separate case numbers, he will owe a separate filing fee.

5. Once Smith chooses which lawsuits he wants to pursue, the court will screen the claims pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. If Smith fails to respond

to this order by **January 31,** the court will dismiss all of his claims without prejudice for failure to prosecute.

Entered this 10th day of January, 2022.

                                 BY THE COURT:

                                 /s/

                               _____
                               WILLIAM M. CONLEY
                               District Judge